## HARDY *a.* SEELYE.

*New York Common Pleas; General Term, April*, 1856.

JUSTICE'S COURT.—JUDGMENT.—ERROR IN AMOUNT.

Even where a justice renders judgment to a wrong amount, through *inadvertence*, the Common Pleas have not power to correct the error ; they can only reverse the judgment.

Appeal from a justice's judgment.

BRADY, J.—The justice announced, on the conclusion of the trial before him, judgment for the plaintiff for the sum of $36, the parties being present; but he inadvertently entered judg-

ment on the process for $13 90. The defendant was no-
tified of this error, and to attend before the justice, to
have it corrected. He did attend, but refused to consent to
the alteration, and the justice declined to make it, upon the
ground that he had no authority to do it.

We have held that we have no power to give the judgment
the justice should have rendered. We can only reverse the
judgment, and allow a new action to be brought.

Judgment reversed.

---

### BLUM *a.* HIGGINS.

*New York Common Pleas; General Term, May,* 1856.

NEW TRIAL.—EXCESSIVE DAMAGES.—PERSONAL TORT.

It is well settled, that even in case of an action for a merely personal tort, the
court has power to set aside the verdict, on the ground of excessive damages.

But in such action the court will only interfere when it appears, from a comparison
of the damages awarded by the jury with the facts proved before them, that they
acted from undue motives, or under some gross error.

Appeal from an order of the special term denying a motion
for a new trial.

BRADY, J.—This action was brought to recover damages for
assaults and batteries committed by the defendant, who was
the master of the steamship Hermann, on board of that vessel,
and for an alleged imprisonment of the plaintiff, by tying him
to the rigging and keeping him there for a long time. The
damages claimed in the complaint were $10,000. It was tried
on January 22, 1856, before Judge Daly and a jury, and a
verdict of $500 rendered against the defendant. A motion
was made at special term, Judge Daly presiding, for a new
trial, on the ground that the damages were excessive. The
motion was denied, and from the order made thereon the de-
fendant appeals. No exception was interposed to the charge
of the judge on the trial, and no question seems to have been